# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL D. BARTZ,

    Petitioner,

v.                                                                                  Case No. 99-C-373

JEFFREY P. ENDICOTT,

    Respondent.

## ORDER

This court entered an order on September 17, 2001, denying the petitioner's petition for a writ of habeas corpus. (Docket # 24). Judgment for the respondent, Jeffrey P. Endicott, was entered on the following day. (Docket # 25).

On May 6, 2005, the petitioner filed a Motion to Reopen the Case and to Compel Substitute Attorney, contending that neither the court nor his appointed counsel had informed him of the court's September 17, 2001, decision and order. Therefore, he requested that the court grant him an additional period of time to file an appeal. The motion was denied on May 12, 2005. (Docket # 27).

In denying the motion, the court explained that Fed. R. App. P. 4(a)(1) provides that a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered" and that, although Fed. R. App. 4(a)(5), provides for extending the time for filing a notice of appeal, the petitioner did not meet the requirements of the rule. In addition, the court told the petitioner that Fed. R. App. P. 4(a)(6) permitted the

reopening of the time to file an appeal when certain conditions were satisfied, but that the plaintiff had not met the required conditions.[1]

On May 23, 2005, the petitioner filed a Motion for Clarification and Reconsideration of the Order of May 12, 2005, and Conditional Motion for Withdrawal of the Order and Decision from September 17, 2001. (Docket # 29). These motions were also denied. (Docket # 30).

On July 18, 2005, the petitioner filed a Motion for Relief from Judgment which is presently before the court. (Docket # 31). The basis of all of these motions has been the same. The petitioner contends that neither the court nor his court appointed counsel informed him of the court's September 17, 2001, decision and order denying his petition for writ of habeas corpus. The petitioner asserts that in August 2004, he learned that his attorney was no longer practicing law. On March 25, 2005, he asked his sister to try to find out the status of his case. His sister learned from the Clerk of Court that the petitioner's case was closed and that judgment had been entered on September 18, 2001. Due to his lack of knowledge of the entry of judgment against him, the petitioner requests that the court grant him an additional period of time to appeal. The petitioner's present motion for relief from judgment is brought under Rule 60(b) of the Federal Rules of Civil Procedure.

The issue presented is whether relief can be granted pursuant to Fed. R. Civ. P. 60(b) to restore a litigant's right to appeal which is lost for lack of notice of the entry of an adverse judgment when like relief is time-barred by Fed. R. App. P. 4(a)(6). Rule 60(b) enables a

---

[1]Rule 4(a)(6) allows for reopening of the time to appeal when certain conditions are met:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
(C) the court finds that no party would be prejudiced.

court to grant relief from judgment only under the particular circumstances listed in the rule. Russell v. Delco Remy Div. Of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). In pertinent part, Fed. R. Civ. P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Before 1991, relief from judgment under Fed. R. Civ. P. 60(b) was a recognized method of avoiding the harsh results imposed upon parties who failed to receive actual notice of a judgment until after the time for appeal had passed. However, Fed. R. App. P. 4(a)(6) was adopted in 1991. Rule 4 now permits an extension of time to appeal, but conditions the extension on the filing a motion for relief within 180 days after the judgment or order is entered. The Advisory Committee Notes on Fed. R. App. P. 4 explain that the amendment provides a "limited opportunity for relief" in those circumstances where the notice of entry of judgment or order required to be mailed by the clerk of the district court pursuant to Fed. R. Civ. P. 77(d) was not received by a party or received too late to file a timely notice of appeal. (Advisory Committee Notes to Fed. R. App. P. (4), 1991 Amendment). The Notes further state that the 180-day deadline of Fed. R. App. P 4(a)(6)(A) "establishes an outer time limit of 180 days for a party who fails to receive timely notice of a judgment" to seek additional time to appeal. Id.

Under these circumstances, courts have held that Rule 60(b) cannot be used to circumvent the 180-day rule set forth in Fed. R. App. P. 4(a)(6)(A). See Vencor Hospitals, Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1309-11 (11th Cir. 2002); Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000); In Re Stein, 197 F.3d 421, 424-27 (9th Cir. 1999); Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 359-61 (8th Cir. 1994); see also Nowak v. INS, 94 F.3d 390 (7th Cir. 1996). .

The petitioner refers the court to Spika v. Village of Lombard, 763 F.2d 282 (7th Cir. 1985), a case that was decided before the adoption of Rule 4(a)(6) in 1991. However, the court in Nowak, 94 F.3d at 392, subsequently referred to Spika and other pre-adoption cases as "obsolete," suggesting that the court agrees that the 1991 adoption of Rule 4 makes it the exclusive means for extending appeal time for failure to learn of the entry of judgment.

In this case, the petitioner's request is well outside the 180 day limitation. To permit extensions of time beyond the limit set forth in Rule 4(a)(6) would effectively thwart the purpose of the amendment.

Accordingly, this court concludes that Fed. R. Civ. P. 60(b) cannot be used to circumvent the 180-day limitation provided for in Rule 4(a)(6)(A). Therefore, the petitioner's motion for relief from judgment (Docket #31) will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED**, that the petitioner's Motion for Relief from Judgment (Docket # 31) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge