# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL D. BARTZ,

      Petitioner,

v.                                                       Case No. 99-C-373

GREGORY GRAMS[1], Warden,
Columbia Correctional Institution,

      Respondent.

## ORDER DENYING IN FORMA PAUPERIS ON APPEAL

      The petitioner, Michael D. Bartz, a Wisconsin state prisoner currently incarcerated at Columbia Correctional Institution filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner paid the $5.00 filing fee. Subsequently, the petitioner filed an affidavit of indigency and this court appointed counsel for him. By decision and order dated September 17, 2001, this court issued a decision and order denying the petition. Judgment for the respondent was entered on the following day.

      On May 6, 2005, the petitioner filed a Motion to Reopen the Case and to Compel Substitute Attorney, contending that neither the court nor his appointed counsel had informed him of the court's September 17, 2001, decision and order. Therefore, he requested that the court grant him an additional period of time to file an appeal. The court denied the motion on May 12, 2005.

      On May 23, 2005, the petitioner filed a Motion for Clarification and Reconsideration of the Order of May 12, 2005, and Conditional Motion for Withdrawal of the Order and Decision from September 17, 2001. These motions were also denied. On July 18, 2005, the petitioner

---

[1] Gregory Grams is the current warden of the Columbia Correctional Institution. As a result, the court of appeals for this circuit substituted Mr. Grams as the respondent in this action.

filed a Motion for Relief from Judgment, which the court denied on August 26, 2005. On September 8, 2005, the petitioner filed a notice of appeal. By order dated October 18, 2005, the court determined that a certificate of appealability should not issue as to any of the petitioner's claims. Currently before the court is the petitioner's motion to proceed in forma pauperis on appeal.

Although the court determined that a certificate of appealability should not issue, that does not preclude the court from granting the plaintiff's request for leave to proceed in forma pauperis on appeal. The standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether to grant a request for in forma pauperis status. Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). It is more demanding. Id.

The petitioner requests in forma pauperis status so that he may avoid paying the appellate filing fee of $255.00. Section 1915(a)(1) of Title 28 United States Code authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. In deciding whether to grant the petitioner's request for leave to proceed in forma pauperis on appeal, the court must determine whether the plaintiff's appeal is in good faith. See 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. at 632. An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

- 2 -
Case 2:99-cv-00373-PJG   Filed 12/05/05   Page 2 of 3   Document 45

In this case, judgment for the respondent was entered on September 18, 2001, and the petitioner's notice of appeal was filed on September 8, 2005, nearly four years late. See Fed. R. App. P. 4(a)(1). Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows for the extension of time to file a notice of appeal. However, the petitioner does not meet the requirements of the rule. Moreover, although Fed. R. App. P. 4(a)(6) permits the reopening of the time to file an appeal if certain conditions are met, the petitioner does not meet the requirements of this rule.

Accordingly, the petitioner's appeal is not taken in good faith and, therefore, his request to proceed in forma pauperis on appeal will be denied. To proceed on appeal, the petitioner will be required to pay the full $255.00 appellate filing fee. The petitioner is cautioned that this payment must be made to the clerk of the district court for the Eastern District of Wisconsin; the clerk of court of the district court receives the appellate fee on behalf of the court of appeals. See Fed. R. App. P. 3(e). The petitioner is advised that if he believes this decision is in error, he may apply directly to the Court of Appeals for the Seventh Circuit for in forma pauperis status on appeal within thirty days of the date of this order pursuant to Fed. R. App. P. 24(a)(5).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to proceed in forma pauperis on appeal be and hereby is denied.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

- 3 -
Case 2:99-cv-00373-PJG   Filed 12/05/05   Page 3 of 3   Document 45